# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JANICE SIMMONS,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　Case No.  6:07-cv-1063-Orl-28DAB

**ROSE TRAINING INSTITUTE, INC.,**
**ROSE SOLOMON, FRANKIE SOLOMON,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 27)**
>
> **FILED:** June 27, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The District Judge has referred this case to the undersigned to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may

enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on July 28, 2008 with counsel for both parties attending by phone.

Based on the representations of counsel, Plaintiff was employed by Defendants as an administrative assistant and home health worker. Plaintiff's counsel explained that there were significant issues of fact and law, such as whether Defendants' business was even a nursing home facility under the FLSA or merely a hiring agency with insufficient sales to be covered under the FLSA. Even though Plaintiff originally sought approximately $7,300 for alleged overtime worked and unpaid wages, and the settlement to Plaintiff of $700 in unpaid wages and liquidated damages principal amount Plaintiff sought, Plaintiff's counsel believed there were significant issues of coverage under the FLSA and collectibility from the "one-woman" operation. Defendants had also raised a civil theft claim which had potential merit and Plaintiff no longer wanted to pursue her claim. Counsel for Defendants agreed with the summary of the issues.

The parties have agreed that Defendants will pay Plaintiff's attorneys $1,300 in attorney's fees and costs. Plaintiff's counsel stated that although actual fees and costs approximated $4,000 (of that $440 is for filing fees and service of process), his firm compromised their fees to accept $860 to assist settlement of the case. The fees and costs of $1,300 are not unreasonable under the circumstances of this case.

Settlement in the amount of $700 to Plaintiff for unpaid wages and liquidated damages, and $1,300 for attorney's fees is a fair and reasonable settlement under the circumstances of this case. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 28, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy